UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                      :
UNITED STATES OF AMERICA,          :
                                                      :       CASE NO. 1:99-cr-00334
       Plaintiff,                           :
                                                      :
vs.                                                 :       OPINION AND ORDER
                                                      :
IVORY D. PERDUE,,                         :
                                                      :
       Defendant.                       :
                                                      :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 10, 2008, Defendant Ivory D. Perdue, filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), and U.S.S.G. § 1B1.10. [Doc. 43.] The United States opposes Perdue's motion for a sentence reduction. [Doc. 44.] For the reasons that follow, the Court DENIES the motion.

Background

Defendant Perdue moves this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual. That Amendment reduced the base offense levels in U.S.S.G. § 2D1.1(c) for unlawful possession of cocaine base (crack), and the United States Sentencing Commission has decided to retroactively apply the amendment to certain cocain base sentencings. Perdue says that this Court based his sentence as a career offender in part on the pre-amendment cocaine base guidelines, and that therefore Amendment 706 entitles him to a sentence reduction. The United States responds that the

-1-

Case No. 1:99-cr-00334
Gwin, J.

retroactivity of Amendment 706 was not meant to apply to the situation in this case where a defendant's sentence was based on career offender status.

On November 17, 1999, the United States filed a superseding indictment that, in part, charged Defendant Perdue with possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The Government then filed a notice of prior conviction under 18 U.S.C. § 851(a)(1). In support of this notice, the United States said that Ohio convicted Perdue of aggravated trafficking in 1987 and again in 1995 and Perdue was a career offender within the meaning of U.S.S.G. §4B1.1. On January 12, 2000, Perdue pled guilty.

On April 17, 2000, this Court sentenced Perdue. In sentencing Perdue, the Court found the trafficking convictions caused Perdue to become a career offender that raised his base offense level from 32 to 37 before adjustment for acceptance of responsibility or departure for substantial assistance. Perdue's criminal history and his status as a career offender both caused him to be scored as a criminal history category VI. As a result, Perdue faced a guideline sentencing range of 151-188 months. On April 13, 2000, this Court sentenced the defendant at the low-end, 151 months.

In support of his motion to reduce his sentence, Perdue argues that he was convicted of possessing with the intent to distribute crack cocaine and should, therefore, qualify for a reduction of his sentence under 18 U.S.C. § 3582(c), Amendment 706 and Amendment 713 to the Sentencing Guidelines. Responding, the United States says that Perdue's sentence was based upon his status as a career offender, not based upon his status as a crack seller. Saying that Perdue's sentence was based upon this career offender classification and not upon his crack cocaine conviction, the United States says the changes to the crack cocaine Guideline range does not apply.

Case No. 1:99-cr-00334
Gwin, J.

## Discussion

On November 1, 2007, the Sentencing Commission adopted Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G.App. C, Amend. 706 (2007). With Amendment 706, the Sentencing Commission provided for a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission then decided to apply this amendment retroactively, effective as of March 3, 2008. See U.S.S.G.App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

The Court receives authority to reduce sentences under 18 U.S.C. § 3582(c). In pertinent part, § 3582(c) provides:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (Emphasis added.)

In considering Perdue's motion to reduce his sentence, this Court must determine whether the his sentences were "based on a sentencing range that has subsequently been lowered." Perdue suggests this language should be interpreted to apply in cases where a defendant's base offense level has been altered by a retroactively applicable guideline amendment. Because Perdue's original base offense level was calculated using the crack cocaine guideline, he says he should be entitled to the two level reduction given by Amendment 706.

Case No. 1:99-cr-00334
Gwin, J.

The government responds that Perdue is ineligible to benefit from Amendment 706 because he was sentenced as a career offender, and therefore Amendment 706 has no effect on his guideline range. While acknowledging that the amendment lowers Perdue's base offense level, the government notes that the final offense level was determined by § 4B1.1, the career offender guideline. Because Amendment 706 did not alter the sentencing ranges for career offenders, the government contends that the district courts lacked authority to reduce the defendants' sentences.

The language of § 3582(c)(2) favors the government's interpretation. By its terms, the statute applies to a defendant whose sentence was "based on" a subsequently-lowered "sentencing range." Perdue's sentence was based on the guideline ranges applicable to career offenders under § 4B1.1. The alternative base offense level under § 2D1.1 ultimately did not affect the calculation of the sentencing range under the career offender classification, § 4B1.1. Thus, Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based.

The policy statement accompanying U.S.S.G. § 1B1.10 gives additional support to the government's position. The statement provides in relevant part:

> (2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
> * * *
> (B) an amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a) (made effective on March 3, 2008, by Amendment 712).

An application note to § 1B1.10(a) explains this. Application Note 1(A) describes that a § 3582(c)(2) reduction is not authorized where "the amendment ... is applicable to the defendant but

-4-

Case No. 1:99-cr-00334
Gwin, J.

the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline or statutory provision* (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)) (emphasis added). Here, although Amendment 706 is "applicable to the defendant[s]" because it reduces Perdue's base offense level for a crack cocaine possession, but it does not have the effect of lowering Perdue's guideline range the career offender guideline ultimately controls Perdue's range. The Sentencing Commission contemplated that inmates in the Defendant's position would not be eligible for relief under § 3582(c)(2).

A number of courts have reached the conclusion that Amendment 706 does not apply where the defendant's sentence is actually determined by his status as a career offender. *See e.g.*, *United States v. Moore*, --- F.3d ----, 2008 WL 4093400 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1."); see also *United States v. Thomas*, 524 F.3d 889 (8th Cir.2008) (Defendant not eligible for reduction under Amendment 706 when it did not lower the sentencing range for career offenders under USSG § 4B1.1, which is what set defendant's sentencing range.); United States v. Tingle, 524 F.3d 839, 840 (8th Cir.2008) (per curiam) (same).

In considering Perdue's motion to reduce his sentence, this Court finds that he does not qualify for retroactive application of Amendment 706. This Court sentenced Perdue based upon guideline calculations resulting from the finding that he was a career offender, not based upon

Case No. 1:99-cr-00334
Gwin, J.

guideline calculations associated with his crack cocaine possession. Because the source of Perdue's guideline calculation did not flow from his conviction for possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), this Court finds that Amendment 706 does not apply.

For these reasons, the Court denies Perdue's motion to reduce his sentence.

IT IS SO ORDERED.


Dated: September 23, 2008             s/    *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE